John DOE, Plaintiff,

v.

Edward GOLDMAN, Donald Eldfrick, Sidney Franklin and Clark County School District, Defendants.

No. CV–S–96–00688–DWH (RLH).

United States District Court,
D. Nevada.

Oct. 16, 1996.

Richard Segerblom, Las Vegas, NV, for plaintiff.

Carol Davis Zucker, S. Scott Greenberg, Las Vegas, NV, for defendants.

### ORDER

HAGEN, District Judge.

Before the court is defendants' motion to dismiss or, in the alternative, for a more

definite statement, on the grounds plaintiff cannot bring this action anonymously (# 5). Plaintiff responds (# 8), and defendants reply (# 13).

## FACTS

Plaintiff is a police officer assigned to a junior high school in Clark County. He brings this action under § 1983, claiming he was retaliated against for exercising his rights under the First Amendment by endorsing a candidate for school trustee and exposing police department hiring, disciplinary and promotional practices that violated Clark County School District ("District") policies. The individual defendants are administrators for the District.

Plaintiff claims as a result of speaking out, defendants concocted a scheme to discriminate against him by enacting a policy of random psychological examinations of police officers which was not at all random but created to force plaintiff to undergo psychological evaluation. Plaintiff alleges that after defendants were forced to rescind this policy defendants told District employees and school board members the policy was created to allow the District to require plaintiff to undergo psychological testing. In his opposing affidavit, plaintiff claims defendants accused him of attempting suicide by putting a gun to his head; purportedly, the attempt would have succeeded but for another officer physically restraining plaintiff. Plaintiff denies this incident occurred but claims that if he cannot plead anonymously, the resulting stigma of having these allegations made public—especially since he carries a gun at a school—will cause irreparable harm to his career.

## ANALYSIS

■ There is no express or implied right to bring an action anonymously. *Doe v. Rostker,* 89 F.R.D. 158, 161 (N.D.Cal.1981). Fed.R.Civ.P. 10(a) requires "the complaint ... include the names of all the parties." In *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 492–93, 95 S.Ct. 1029, 1044–45, 43 L.Ed.2d 328 (1975), the Supreme Court stated:

A trial is a public event. What transpires in the courtroom is public property.... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit or censor events which transpire in proceedings before it.

■ Despite this policy, courts have carved out exceptions to Rule 10 if the parties have strong interests in proceeding anonymously. *Rostker* at 161. This practice increased after the Court's decision in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Before *Roe* there were only 28 reported federal cases brought by anonymous plaintiffs. In 1994 alone cases brought by anonymous plaintiffs resulted in eighteen federal court of appeals decisions, thirty-three district court decisions and fifty-seven state appellate court decisions. Adam A. Milani, *Doe v. Roe: An Argument for Defendant Anonymity when a Pseudonymous Plaintiff Alleges a Stigmatizing Intentional Tort,* 41 WAYNE L.REV. 1659, 1661–62 (1995). In deciding whether to allow a plaintiff to plead anonymously, the court employs a balancing test to decide if the plaintiff has a substantial privacy interest outweighing the presumption of openness in judicial proceedings. *E.g., Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992).

■ District courts throughout the country have identified several factors to consider in employing the balancing test. These factors include:

(1) whether the plaintiff is challenging governmental activity;

(2) whether the party defending the suit would be prejudiced;

(3) whether the plaintiff is required to disclose information of the utmost intimacy;

(4) whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution;

(5) whether the plaintiff would risk suffering injury if identified;

(6) whether the interests of children are at stake; and

(7) whether there are less drastic means of protecting the legitimate interests of either party.

*E.g., Frank*, 951 F.2d at 323; *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981); *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D.Ind.1996) (citations omitted). None of these factors is dispositive, and all should be considered together in each case. *Frank*, 951 F.2d at 323.

■ In regard to the first factor, the court finds plaintiff is suing the government, but not in the sense usually allowed in "Doe" plaintiff suits. The school district is a defendant; however, the subject of the suit is not a typical statute of general application but an ad hoc and short-lived policy purportedly directed with malice at plaintiff by individuals also named as defendants to the suit. As the Fifth Circuit noted in *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979):

> While [suits against the government] involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm.... Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

Further, plaintiff is not seeking relief from application of the policy; he instead seeks compensatory damages and punitive damages from each defendant. Thus, while it is true plaintiff sues the government, the weight of this fact is mitigated by the relief sought, the grounds for the claim, and the plaintiff's choice to include individual defendants. This case is simply not on par with other instances of "Doe" plaintiffs suing the government. *E.g., Doe v. Commonwealth's Attorney for City of Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), *aff'd*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) (constitutional challenge to state sodomy statute as applied to consenting homosexuals); *Doe v. Gillman*, 347 F.Supp. 482 (N.D.Ia.1972) (challenges to right of state welfare departments to require cooperation of AFDC recipients in obtaining convictions of spouses for nonsupport).

This consideration ties in with the second factor, i.e., the prejudice to defendants. In *Indiana Black Expo*, 923 F.Supp. at 141–42, the court noted:

> Most important for this court's analysis of plaintiff's request to proceed under a fictitious name is the nature of the specific claims he is making against the defendants.... He attacks the defendants' integrity and reputations.... He cannot use his privacy interests as a shelter from which he can safely hurl these accusations without subjecting himself to public scrutiny, even if that public scrutiny includes scorn and criticism.

Similarly in the instant case plaintiff cannot claim he is the victim of a malicious scheme fabricated by specific individuals without allowing himself to be subject to public scrutiny. Most cases allowing plaintiffs to proceed anonymously do not involve direct, personal attacks on the credibility and reputation of defendants. *Id.* at 142 (citations omitted). Plaintiff's allegations create the same risk of public humiliation for the individual administrators that he seeks to avoid. Further, plaintiff's credibility may well be at issue in this case, and defendants have an interest in responding to plaintiff's accusations both in and out of court. *Id.* Thus, plaintiff's anonymity in this case unduly prejudices defendants.

The most difficult determination in this case is whether plaintiff's suicide attempt rises to the level of a social stigma implicating the "utmost privacy." Several "Doe" plaintiffs have brought cases involving mental illness, but *Indiana Black Expo* is one of the few cases dealing directly with whether mental illness qualifies as a stigma. *E.g., Doe v. Colautti*, 592 F.2d 704 (3rd Cir.1979) (schizophrenic "Doe" plaintiff's preliminary injunction for more medical benefits denied); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y. 1980) (paranoid schizophrenic who resigned from police force must be given reasons for denial of pension); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D.Cal.1979) (involuntary commitment statute not vague but carried significant risk of erroneous application); *Jane Doe v. New York University*, 442 F.Supp. 522 (S.D.N.Y.1978) (equitable relief denied

for "Doe" plaintiff seeking re-admittance to medical school after absence for emotional instability).

The plaintiff in *Indiana Black Expo* had a history of mental illness and substance abuse, but was "on a successful recovery status" at the time of the suit. He claimed unlawful harassment and termination, and he sought anonymity because his current employment and business interests would be "adversely affected" if his medical history were known. 923 F.Supp. at 140–41. The court held this was not enough to overcome the strong presumption in favor of requiring suing parties to use their real names. *Id.* at 142; *accord, Frank*, 951 F.2d at 324 (alcoholism does not stigmatize plaintiff to the same degree as mental illness, homosexuality or transsexuality).

In the instant case, plaintiff is not in danger of being stigmatized so as to implicate his "utmost privacy." Unlike the plaintiff in *Indiana Black Expo, Harris* or *Colautti* there is no indication plaintiff currently suffers or previously suffered from any diagnosed mental illness; in fact, plaintiff claims the rumors of mental illness are fabricated. More importantly, plaintiff is concerned mainly with being "stigmatized" in the employment context. # 8 at 3, 5. Courts have generally rejected attempts to proceed under fictitious names where plaintiffs are concerned solely with economic well-being and possible embarrassment or humiliation. *Indiana Black Expo*, 923 F.Supp. at 142, *citing Doe v. Bell Atlantic Sys. Servs.*, 162 F.R.D. 418, 420 (D.Mass.1995); *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974). These concerns are no different than those of many plaintiffs in employment discrimination cases. *Indiana Black Expo*, 923 F.Supp. at 142. Thus, there is no risk of stigma sufficient to overcome the presumption against proceeding under a fictitious name. *Id.* at 143.

The next two factors weigh in favor of defendants. Plaintiff runs no significant risk of criminal prosecution in this suit, nor is there any risk of injury to plaintiff if he cannot proceed anonymously. He has claimed no risk of physical injury, and, as shown above, any risk of social or economic injury is not enough to overcome the strong presumption against plaintiff anonymity.

Next, the interests of children are not directly at stake here because all the parties are adults. To the extent children's interests are indirectly a factor, they weigh in favor of defendants. If indeed it is proven plaintiff attempted suicide with a gun, parents and the community deserve to know because his job requires he carry a gun around children.

The final factor weighs in favor of plaintiff because there is no less drastic means to protect plaintiff from any scorn he might suffer than to keep him anonymous. However, this finding is mitigated by the fact that the individuals most likely to retaliate against plaintiff probably already know his identity. *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y.1996).

Thus, in sum, the court finds for plaintiff—in a limited manner—as to the first and last factors. All other factors are either tangential to this matter or weigh heavily in favor of defendants. It is particularly relevant that plaintiff—who denies any mental illness—seeks anonymity chiefly to protect against economic harm and embarrassment. Yet he voluntarily brings this action seeking monetary damages against individuals who stand to suffer that same personal and reputational harm. Plaintiff anonymity is not appropriate in such a case. *See, e.g., Southern Methodist Univ.*, 599 F.2d at 713; *Indiana Black Expo*, 923 F.Supp. at 142.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to dismiss (# 5) is GRANTED. The action is DISMISSED WITHOUT PREJUDICE.