122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John DOE, II; John Doe, I; Jane Doe; Plaintiffs-Appellants,
v.
STATE of Alaska, Department of Public Safety, Defendant-Appellee.
 No. 96-35873.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Aug. 8, 1997.
Decided Sept. 2, 1997.
 
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding.
 Before: WRIGHT, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND:
 
 2
 Plaintiffs are two convicted sex offenders, John Does I & II, and the wife of one. They challenge Alaska's Sex Offender Registration Act, AK. STAT. §§ 12.63.101 et seq., on federal and state constitutional grounds. They filed their complaint pseudonymously to prevent disclosure of their identities, but the court ordered them to file an amended complaint using their true names. When they refused to comply, it dismissed the action. Plaintiffs appeal the dismissal.[1] We have jurisdiction under 28 U.S.C. § 1291 and reverse.
 
 ANALYSIS
 
 3
 We review for abuse of discretion whether to allow pseudonymous filing. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993); Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992). We will reverse if a court's decision is unsupported by the facts or the law. In re Sternberg, 85 F.3d 1400, 1405 (9th Cir.1996).
 
 
 4
 There is a presumption that a plaintiff must file the complaint in his or her own name. Coe v. United States Dist. Court, 676 F.2d 411, 415 (10th Cir.1982); Fed.R.Civ.P. 10(a). The presumption has a constitutional dimension: the First Amendment gives the public a right of access to judicial processes and records. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 576 (1980); Doe v. Stegall, 653 F.2d 180, 185 (5th Cir.1981). This access helps to assure fair factual findings and legal conclusions; discourages corruption, bias and perjury; enhances public confidence in the administration of law; and provides therapeutic and cathartic value to the community. See Joan Steinman, Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?, 37 Hastings L.Rev. 1, 18-20 (1985).
 
 
 5
 A litigant may overcome the presumption by demonstrating a social interest in favor of protecting his identity. Coe, 676 F.2d at 418; Doe v. Goldman, 169 F.R.D. 138, 139 (D.Nev.1996) (identifying relevant factors and listing cases).[2] Plaintiffs have demonstrated such an interest because disclosure will deny them the very relief they seek. See Roe v. Ingraham, 364 F.Supp. 536, 541 n. 7 (S.D.N.Y.1973). It is true that community registration imposes burdens in addition to public identification as a sex offender. That specific burden, however, is the very one that plaintiffs seek to avoid.
 
 
 6
 Under these circumstances, the public's right of access is subordinate to the interest in resolving this challenge to a governmental policy. See Stegall, 653 F.2d at 185 (challenging governmental activity is one factor permitting anonymity). The issues raised are purely legal and do not depend on identifying the specific plaintiffs. None of the values protected by public access will be hindered by the use of pseudonyms. The public, as well as the plaintiffs, will benefit when the case proceeds to a resolution on the merits.
 
 CONCLUSION
 
 7
 We reverse the dismissal for failure to file in plaintiffs' true names and remand for reinstatement of the complaint and for further proceedings. This panel shall retain jurisdiction over future appeals in this case.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This is plaintiffs' second appeal of this issue. Another panel of this court dismissed the first for lack of an appealable order. Doe v. Burton, No. 94-35734 (9th Cir.1995) (mem.)
 
 
 [2]
 The district court applied a three-part test from Doe v. Stegall, 653 F.2d 180, 185 (5th Cir.1981). It was not required to do so