**John DOE, et al., Plaintiffs,**

v.

**Brian Eugene LEPLEY,
et al., Defendants.**

No. CV–S–98–1593JBR(RLH).

United States District Court,
D. Nevada.

April 26, 1999.

John R. Hawley, Las Vegas, NV, for plaintiff.

Paul Anderson, Reno, NV, for defendant.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is Plaintiffs' **Motion and Request for Confidentiality Agreement** (# 27, filed March 29, 1999). Defendants' Opposition . . . (# 29) was filed April 6, 1999. Plaintiffs' Reply . . . (# 31) was filed April 16, 1999.

Plaintiffs allege that Peter Doe (a pseudonym), while a student at Pahrump Valley High School, was subject to several acts of sexual harassment and assault by Defendant Brian Lepley, while Lepley was employed as a substitute teacher at the school. They also allege Lepley provided Peter Doe with alcohol and marijuana. Peter Doe was a minor at the time the alleged acts occurred, and was a minor when this lawsuit was filed. However, he reached his majority a few months later and is presently an adult.

The issue of whether Peter Doe, and his parents, identified herein as John Doe and Jane Doe, can proceed anonymously, and the issue of whether the parents are still properly parties herein when Peter Doe is an adult, are apparently being addressed elsewhere and are not at issue in the motion considered herein. However, the authorities and the arguments presented by both sides in this motion address the issue of proceeding as anonymous parties and do not address the specific issue of the whether the confidential-

ity agreement submitted for approval is, in itself, sufficient and appropriate.

Likewise, the Court finds some of the authorities cited helpful by way of analogy, and will adopt some of their reasoning in addressing whether the proposed confidentiality agreement should be adopted and required.

The Court is not requested to fashion a confidentiality order. It is requested to adopt one submitted by Plaintiffs, without, apparently, any consultation with the Defendants. In fact, the proposed confidentiality agreement clearly presents a discovery dispute. It is unfortunate that Plaintiffs have failed to comply with the provisions of Local Rule LR 26–7(b), which requires that, prior to bringing this motion, Plaintiffs are required to make a sincere effort to personally consult with the Defendants in an attempt to resolve this dispute, and are required to certify that they have done so without success. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D.Nev.1996). (Must be genuine, personal or telephonic two-way communication (not just letters), certificate must include name of parties who conferred or attempted to confer, manner, dispute at issue, dates, times and results of discussions.).

Failure to conform to Local Rule LR 26–7(b) is grounds for denial of the motion. It may also have prevented the parties from coming to some agreement on the language of a confidentiality order. This failure is only part of the reason the Court will deny the motion.

Of all the cases cited by either party, the Court finds the decision of the Honorable David W. Hagen, in *Doe v. Goldman,* 169 F.R.D. 138 (D.Nev.1996), cited by both parties, to be the most helpful. Judge Hagen prefaces a brief history, of parties proceeding anonymously, with significant observations.

■ "There is no express or implied right to bring an action anonymously. *Doe v. Rostker,* 89 F.R.D. 158, 161 (N.D.Cal.1981). Fed.R.Civ.P. 10(a) requires the complaint … include the names of all the parties. *In Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 492–93, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975)." *Goldman,* 169 F.R.D. at 139.

■ "Despite this policy, courts have carved out exceptions to Rule 10 if the parties have strong interests in proceeding anonymously." *Id.*

Then, following the brief history of such cases, Judge Hagen states as follows:

In deciding whether to allow a plaintiff to plead anonymously, the court employs a balancing test to decide if the plaintiff has a substantial privacy interest outweighing the presumption of openness in judicial proceedings. *E.g., Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992).

District courts throughout the country have identified several factors to consider in employing the balancing test. These factors include:

(1) whether the plaintiff is challenging governmental activity;

(2) whether the party defending the suit would be prejudiced;

(3) whether the plaintiff is required to disclose information of the utmost intimacy;

(4) whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution;

(5) whether the plaintiff would risk suffering injury if identified;

(6) whether the interests of children are at stake; and

(7) whether there are less drastic means of protecting the legitimate interests of either party. (citations omitted)

*Id.*

■ There are three reasons this Court finds the proposed confidentiality agreement unacceptable.

The first reason relates to paragraph 3 of the proposed confidentiality agreement. The Court finds paragraph 3 to be vague and confusing. As written, the paragraph provides that no one can reveal the identities except to those insurance company personnel who already know the identities. As written and strictly read, attorneys, parties, witnesses, expert witnesses and investigators can only tell those insurance company per-

sonnel. They cannot even tell each other, even indirectly, without first signing the agreement. The Court seriously doubts whether potential expert witnesses will take an assignment without knowing more. Surely lay witnesses will be reluctant to sign an agreement without knowing what they are to be asked, and about whom. Also, such a restriction precludes the individual Defendants from defending themselves in any administrative or judicial proceeding.

The second reason relates to paragraph 4. This paragraph provides and requires not only that Defendants reveal their investigation and work product, they must also alert Plaintiffs of who they are going to talk to and obtain permission to do so. Thus, Plaintiffs will not only have the opportunity to veto Defendants' discovery efforts or at least comment upon it, Plaintiffs will have the opportunity to preempt Defendants' investigations and inquiry by talking to potential witnesses before Defendants even have permission. Such a restraint, on Defendants rights and invasion of their privacy, work product, and defense against Plaintiffs claims, is both an unconscionable intrusion into Defendants' rights of discovery, and a violation of Defendants' Six Amendment rights to effective counsel.

 Thirdly, the Court finds that only item (3), of the seven criteria to be considered (enumerated by Judge Hagen), has application here, and the Plaintiffs have failed to proffer actual evidence, beyond the mere assertion, that the revealing of the identities of Plaintiffs will disclose information of the utmost intimacy. Furthermore, Plaintiffs have failed to show that such a disclosure will have any undue detrimental effect on any of the Plaintiffs.

Unlike the plaintiff in *Doe v. Diocese Corporation*, 43 Conn.Supp. 152, 647 A.2d 1067 (1994) (cited by Plaintiffs), where the Doe plaintiff provided evidence under oath and presented sworn testimony from a clinical psychologist about the detrimental effect disclosure would have on the plaintiff and his younger brothers, in this case there is merely the assertion by counsel that the case involves things of a "personal nature." "[T]he fact that Doe may suffer some person-

al embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992).

As to item (1), "This case is simply not on par with other instances of 'Doe' plaintiffs suing the government." *Goldman*, 169 F.R.D. at 140. Plaintiffs are not seeking merely to require or preclude government action. They are also suing private parties for money damages. "Thus, while it is true plaintiff sues the government, the weight of this fact is mitigated by the relief sought, the grounds for the claim, and the plaintiff's choice to include individual defendants." *Id*.

Item (2) deals with potential prejudice to defendants.

Plaintiffs' claim that Lepley has already been convicted and some of the other individually named Defendants have already been the subject of public scorn and scrutiny. Therefore, it is implied, there is no prejudice to the Defendants here. However, Lepley is appealing his conviction and Plaintiffs do not substantiate their claim that the other Defendants have no reputation to impugn. Furthermore, Plaintiffs' argument, that they must live in a small community, is a two-edged sword. Due to the publicity, and the trial of Mr. Lepley, it is just as likely that the residents of the community already know Plaintiffs' identities.

Plaintiffs' Complaint herein contains direct and harsh allegations against the individuals and the character of those named as Defendants. When a Plaintiff "attacks the defendants' integrity and reputations.... He cannot use his privacy interests as a shelter from which he can safely hurl these accusations without subjecting himself to public scrutiny, even if that public scrutiny includes scorn and criticism." *Id*. "Most cases allowing plaintiffs to proceed anonymously do not involve direct, personal attacks on the credibility and reputation of defendants." *Id*. "Plaintiff's allegations create the same risk of public humiliation for the individual administrators that he seeks to avoid.... defendants have an interest in responding to plaintiff's accusations both in and out of court. Thus,

plaintiff's anonymity in this case unduly prejudices defendants" *Id.*

Item (4) addresses situations where plaintiffs seek anonymity because they may have to admit to engaging in or intending to engage in illegal conduct. Most of the cases cited by Plaintiffs, which address homosexuality, are of this type. The plaintiffs in those cases were challenging laws against homosexual conduct. Plaintiffs here do not face the prospect of having to admit to illegal activity. Thus, this is not a consideration in this case.

Item (5) addresses the possibility that identification of Plaintiffs might subject them to some physical danger. There is not even a suggestion that this might be a possible ramification of disclosure.

Item (6) demands consideration of whether there are interests of children at stake. While Peter Doe might have been considered a "child" before he reached his majority. He certainly is not one now. Nor is there any evidence that the disclosure of Plaintiffs' identities would put any other children at risk.

Item (7) addresses the question of less drastic means of protecting the legitimate interests of either party. Even assuming that John and Jane Doe are permitted to remain party plaintiffs and Peter Doe is permitted to retain his anonymity, the interests of the parties may well be properly protected by an appropriate confidentiality agreement or order. Unfortunately, there does not appear to have been an effort to find mutually agreeable provisions to accomplish this protection, and Plaintiffs' proposed agreement falls far short of protecting the interests of all parties.

Accordingly; after careful consideration and evaluation of the several factors enumerated above, the Court finds the proposed confidentiality agreement inadequate, and

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and Request for Confidentiality Agreement (# 27) is DENIED.