Jane DOE, June Doe, Janet Doe and Jill Doe, by their next friends, Susan Doe, Mary Doe and Lisa Doe

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT.

Civil Action No. 1:96–CV–706.

United States District Court, E.D. Texas, Beaumont Division.

April 2, 1997.

Scott David Newar, Houston, TX, for plaintiffs.

Tanner Truett Hunt, Jr., Melody C. Thomas, Beaumont, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

Plaintiffs have asked this Court to reconsider the order denying their motion to proceed anonymously entered January 9, 1997. For the reasons set forth below, this Court DENIES Plaintiffs' motion for reconsideration.

### BACKGROUND

Plaintiffs, four children that attend various Beaumont public schools, have brought suit challenging the constitutionality of the Beaumont Independent School District's "Clergy in Schools" program under the Establishment Clause of the First Amendment and Article I, Section 6 of the Texas Constitution.

The material facts are not in dispute. Under the program, BISD invites members of the clergy from various denominations to meet with students during the day to discuss students' "concerns and problems." Principals and guidance counselors from each school select students to meet with the clergy. Student participation, however, is voluntary. Members of the clergy visit each of BISD's elementary schools once a year, and its secondary schools twice a year. BISD has provided members of the clergy with a list of suggested topics to discuss with the students such as drugs, self-esteem, and violence, and specifically instructed the clergy not to discuss religion. Additionally, BISD has assigned a principal or counselor at each school to facilitate and monitor these clergy/student meetings.

On December 31, 1996, Plaintiffs moved this Court to proceed under fictitious names. This Court summarily denied that motion on January 9, 1997 because Plaintiffs had made no showing they would be subjected to harassment or reprisal if their identities were revealed. On February 7, 1997, Plaintiffs asked this Court to reconsider its ruling.

### ANALYSIS

The decision to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons is committed to the sound discretion of the trial court. *James v. Jacob-*

*son,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Stegall,* 653 F.2d 180, 184 (5th Cir.1981). Federal Rule of Civil Procedure 10(a) requires a complaint to "include the names of all the parties." This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir.1992); *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974). There is a clear and strong First Amendment interest in ensuring that "(w)hat transpires in the courtroom is public properly." *Stegall,* 653 F.2d at 185, citing *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). Therefore, it is the exceptional case in which a plaintiff may proceed under a fictitious name. *Frank,* 951 F.2d at 323; *see also United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C.Cir.1995) (granting the "rare dispensation of anonymity against the world" is within the discretion of the district court).

The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings. *Stegall,* 653 F.2d at 186. In making this determination, courts have recognized certain factors that should be considered. Among them are the following that have relevance to this case: whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See Jacobson,* 6 F.3d at 238; *Stegall,* 653 F.2d at 185–86; *Frank,* 951 F.2d at 323; *Doe v. Shakur,* 164 F.R.D. 359, 360–61 (S.D.N.Y.1996).

Plaintiffs' clearly challenge governmental activity. "But of course, in only a very few cases challenging governmental activity can anonymity be justified." *Stegall,* 653 F.2d at 186. Plaintiffs contend anonymity is appropriate here because BISD has placed their private religious beliefs at issue by accusing them of discriminating against members of the clergy. This Court respectfully disagrees. BISD's characterization of Plaintiffs' motives notwithstanding, Plaintiffs' beliefs are absolutely irrelevant beyond the belief the Constitution forbids what BISD is trying to do. Plaintiffs' religious beliefs and practices are not at issue, and should not be questioned, in this proceeding.

Plaintiffs' argument that their age, and the deference due their vulnerability, require anonymity is also unavailing. The children named as plaintiffs are not essential parties to this lawsuit. In *School Dist. of Abington Township, Pa. v. Schempp,* the Supreme Court held that parents have standing to challenge school sponsored religious activities that affect their children. 374 U.S. 203, 224 n. 9, 83 S.Ct. 1560, 1572 n. 9, 10 L.Ed.2d 844 (1963). The Court explained the basis for parents' standing further in *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*:

> The plaintiffs in *Schempp* had standing, not because their complaint rested on the Establishment Clause ... but because impressionable school children were subjected to unwelcomed religious exercises or were forced to assume special burdens to avoid them.

454 U.S. 464, 487 n. 22, 102 S.Ct. 752, 766 n. 22, 70 L.Ed.2d 700 (1982). *See also Schanou v. Lancaster County School Dist. No. 160,* 62 F.3d 1040, 1042 (8th Cir.1995) and *Bell v. Little Axe Independent School Dist. No. 70,* 766 F.2d 1391, 1398 (10th Cir.1985) (recognizing a cognizable parental interest to have one's children educated in public schools that do not impose or permit religious practices). The vulnerability of these minor plaintiffs is undoubtedly real. However, this Court cannot condone the practice of naming minors as plaintiffs and proceeding anonymously based on their vulnerability, when their parents have standing to sue on their own behalf for the same alleged violations.

Finally, Plaintiffs assert there is a substantial likelihood they will suffer reprisals should their identities be revealed. Plaintiffs allege BISD retaliated against an elementary student, whose mother initially opposed the Clergy in Schools program, by removing him from a mentoring program involving members of a local fraternity. Neither the student nor the student's mother is involved in this lawsuit. Nevertheless, Plaintiffs argue this is clear evidence of the retaliation that will inevitably follow if they are required to reveal their identities. Again, this Court respectfully disagrees. First, on the sketchy record before the Court, it is uncertain, indeed doubtful, the removal of the student from the mentoring program was due to anything more than a misunderstanding. A letter from BISD's counsel suggests she was under the impression Plaintiffs' counsel had asked BISD to remove the student from the mentoring program. Second, maintaining Plaintiffs' anonymity in this suit to protect them from BISD is pointless because BISD already knows Plaintiffs' identities. *See Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss. 1987) and *Shakur*, 164 F.R.D. at 362 (finding anonymity to be improper where those who presumably harbored animosity toward the plaintiff already knew the plaintiff's identity).

With respect to the public at large, it cannot be denied that the record in this case contains some indications of disapproval and frustration by some local citizens for bringing this suit. The threat of hostile public reaction to a lawsuit, however, "will only with great rarity warrant public anonymity." *Stegall*, 653 F.2d at 186. In *Stegall* a mother and her two children challenged the local public school's practice of broadcasting religiously oriented devotionals over the public address system each morning. *Id.* at 181. "Fearing harassment and violence . . . should their names be publicly disclosed," the plaintiffs moved for a protective order to preserve their anonymity with respect to the public at large. *Id.* at 182. The district court denied the motion, and the plaintiffs filed an interlocutory appeal.

The Fifth Circuit reviewed the district court's ruling de novo and reversed over a dissent. The court held that "the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining Does' anonymity, tip the balance against the customary practice of judicial openness." *Stegall*, 653 F.2d at 186. Unlike the court in *Stegall*, this Court finds no "other factors" necessarily present in this case; and, unlike the record in *Stegall*, the record in this case contains no threats of violence. In fact, there is no record of threats against Plaintiffs personally of any kind since they filed suit more than three months ago. Plaintiffs' argument here rests largely on "the history of violence and other reprisals against children and their families who have elsewhere challenged school-sponsored religious exercises." This Court finds this type of "it has happened before, therefore it *might* happen here" argument to be insufficient to justify a protective order concealing Plaintiffs' identities. *Cf United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (the burden of showing the necessity of a protective order can be met only by a specific demonstration of fact as distinguished from stereotyped and conclusory statements).

Based on a review of the record presented by Plaintiffs, and in light of the aforementioned discussion, this Court, while not unsympathetic to Plaintiffs' pleas for privacy, is not persuaded that the need for anonymity is so compelling as to permit nondisclosure in this case. Accordingly, this Court DENIES Plaintiff's motion for reconsideration.