ACCEPTED
01-15-00692-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/18/2015 2:56:08 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00692-CV

_____

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/18/2015 2:56:08 PM
CHRISTOPHER A. PRINE
Clerk

_____

**IN RE MOTHER DOE AND FATHER DOE, INDIVIDUALLY AND
AS NEXT FRIENDS OF JOHN DOE AND JANE DOE**

_____

Original Proceeding from Cause No. 1045092 in
County Court at Law No. 2, Harris County, Texas
Honorable Theresa Chang, Presiding Judge

_____

**REAL PARTY IN INTEREST, BETH YESHURUN DAY SCHOOL'S
MOTION FOR SANCTIONS**

_____

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 52.11, Beth Yeshurun Day School files this Motion for Sanctions with regard to Relators' *third* groundless Petition for Writ of Mandamus and in support would respectfully show as follows:

# I.
# INTRODUCTION

As this Court may recall from two prior mandamus proceedings, this litigation arises from a dispute between Defendant/Real Party in Interest, Beth Yeshurun Day School ("BYDS" or "Defendant")—a highly regarded private Jewish pre-school and elementary school—and the Plaintiffs/Relators, Mother and Father Doe, who are parents of two minor students previously enrolled in BYDS. Relators allege that BYDS breached its contract by unjustly expelling the two minors from the school and negligently allowing John Doe to be bullied by students and teachers. BYDS unequivocally denies Relators' allegations.

Since the onset of the parties' dispute, Relators have threatened to litigate and have in fact litigated this case extensively in the media (particularly social media) in an effort to damage BYDS's reputation, all the while hiding behind a cloak of anonymity. The case law clearly does not permit Mother Doe and Father Doe to shroud their identities in secrecy while subjecting BYDS to serious and potentially damaging allegations. The trial court therefore acted within its discretion in striking the adult Plaintiffs' pseudonyms. Relators' counsel even acknowledged the trial court's discretion to do so during a June 2, 2015 hearing on BYDS's motion. Yet Relators have nevertheless filed this, their third groundless mandamus action, for the sole purpose of harassing BYDS, delaying this litigation,

and causing BYDS to incur substantial litigation expenses. Relators and their counsel[1] should be sanctioned for such bad faith conduct.

## II.
## PROCEDURAL HISTORY

Relators have repeatedly filed groundless petitions for writ of mandamus for the purpose of harassing BYDS and with the intent to interfere with, impede, and delay the administration of justice. This third mandamus action is yet another abusive litigation tactic, and Relators and their counsel should be sanctioned for such conduct.

BYDS has already expended vast sums of attorney's fees defending two prior mandamus actions which were groundless. Relators' first mandamus complained of a "gag order" which had already expired by its own terms; this Court accordingly dismissed the mandamus proceeding as moot after BYDS filed a response enlightening the Court to the pertinent facts. *See In re Doe*, No. 01-14-00369-CV, 2014 WL 3199145 (Tex. App.—Houston [1st Dist.] July 8, 2014) (not designated for publication). Relators' second mandamus complained of the entry

---

[1] Relators' counsel, Brian Cweren, injected himself as a material witness in this litigation by submitting an affidavit in support of Relators' lawsuit. *See* Relators' App. Tab 8, Exhibit 1 (Affidavit of Brian Cweren). He subsequently withdrew the affidavit after realizing he was subject to cross-examination as well as disqualification. Cweren has also made it his personal vendetta to try and destroy BYDS. *See, e.g.,* Relators' App. Tab 3, Exhibit E (April 29, 2014 hearing transcript at p. 36) (""This school is going to end up losing any license it has. At the end of the day, that is what is going to happen here. This school will hopefully not exist anymore…"); and Relators' App. Tab 3, Exhibit C, p. 65 (Crewen Facebook post stating "School case is going well. I hope to have some school furniture to liquidate in the near future.").

of a protective order for which there was an adequate remedy by appeal. Again, after BYDS filed its response, this Court denied Relators mandamus relief. *See In re Doe*, No. 01-15-00112-CV, 2015 WL 1743394 (Tex. App.—Houston [1st Dist.] April 16, 2015) (not designated for publication). In response to the second mandamus petition, BYDS noted that Relators grossly misstated the facts and mischaracterized the record. BYDS contemplated seeking sanctions at that time but chose not to escalate Relators' animosity. Relators' bad faith has continued, however, necessitating the present Motion for Sanctions.

## III.
## GROUNDS FOR SANCTIONS

Relators know that they are not entitled to mandamus relief from the trial court's order striking the adult Plaintiffs' pseudonyms.[2] Mandamus is appropriate only when the relator demonstrates that the trial court clearly abused its discretion and there is no adequate remedy by appeal. *See In re Reece,* 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to clear and prejudicial error of law." *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to matters committed to the trial court's discretion, the relator must establish that the trial court could have reached but one decision, and

---

[2] Counsel for BYDS advised Relators' counsel that BYDS would seek sanctions if he proceeded with filing a groundless petition for writ of mandamus in bad faith. *See* Exhibit A, June 10, 2015 letter to Brian Cweren.

4

not the decision it made. *Id*. The reviewing court cannot disturb the trial court's ruling unless it is shown to be arbitrary and unreasonable. *Id*.

During the June 2, 2015 hearing, Relators' counsel, Todd Newman, conceded it was within the trial court's discretion to grant or deny Defendant's Motion to Strike Adult Plaintiffs' Use of Pseudonyms based on the evidence. *See* RR2 (June 2, 2015 hearing transcript) at p. 37 ("I think it would be more accurate to say it's [the evidentiary threshold is] left to the strong discretion of the Court."). The record proves that the trial court's decision was not arbitrary or unreasonable. *Id*. at pp. 63-68. To the contrary, the trial court followed guiding principles of law, including *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)[3] (weighing privacy rights against the "customary and constitutionally-embedded presumption of openness in judicial proceedings"). *Id*.

As demonstrated in BYDS's briefing made part of the mandamus record, there is a plethora of case law confirming that plaintiffs may only prosecute lawsuits under fictitious names in exceptional circumstances. *See* Relators' Appendix Tabs 2, 3, 5, 7, and 9. Indeed, numerous courts have refused anonymity under circumstances similar to—or even much more sensitive and personal than— the present. *See, e.g., Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997) (denying minor students' motion for reconsideration of order

---

[3] As noted in Relators' Petition, both parties rely on federal case law because there is a "dearth of analysis on this issue" by Texas courts. *See* Petition for Writ of Mandamus at p. 14, n. 8.

5

denying request to proceed anonymously in action against school district for violation of the Establishment Clause); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 269 (E.D. Tex. 2007) (holding that sexual assault victim was not allowed to prosecute lawsuit against school using a pseudonym). This is so because filing a lawsuit against private parties "may cause damage to their good names" and "basic fairness" dictates that accusers who wish to participate in a suit like Plaintiffs' must do so under their real names to protect the public's interest in knowing the facts. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Further, requiring the adult Plaintiffs to prosecute the lawsuit in their real names does not violate Texas Rule of Civil Procedure 21c, which protects the identity of minors. In fact, it is common practice for Texas courts to require identification of adult parties by name while simultaneously using initials for minor relatives to remain anonymous. *See, e.g., Motley v. State*, No. 01-07-00517-CR, 2008 WL 5102340, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. ref'd) (noting criminal defendant accused of sexually assaulting his grandchildren was identified by his actual name, while grandchildren were identified by their initials); *A.W. v. Humble Indep. Sch. Dist.*, No. H-13-3551, 2014 WL 2611810, at *1 (S.D. Tex. June 11, 2014) (minor plaintiff identified by her initials and co-plaintiff mother identified by actual name in suit against school district in

connection with alleged sexual assault of minor plaintiff). The trial court clearly acted within its discretion in striking the adult Plaintiffs' pseudonyms, and Relators' mandamus action is therefore groundless and designed merely to impede justice.

Texas Rule of Appellate Procedure 52.11 allows the appellate court to impose sanctions on a party or attorney who files a petition that is clearly groundless or filed solely for the purpose of delay. The Rule provides that a court may, on motion of any party or on its own initiative – after notice and a reasonable opportunity to respond, impose just sanctions on a party or attorney who is not acting in good faith as indicated by one of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX. R. APP. P. 52.11.

Rule 52.11 exists to rectify situations exactly like the present. *See, e.g., Twist v. McAllen National Bank*, 248 S.W.3d 351 (Tex. App.—Edinburg 2007, orig. proceeding [mand. denied]) (imposing sanctions against Relator's counsel for

7

bringing second groundless petition for writ of mandamus "knowingly and in bad faith"); *In re Lincoln*, 114 S.W.3d 724 (Tex. App.—Austin 2003, orig. proceeding) (issuing order to show cause where Relator filed second groundless petition for writ of mandamus).

Here, Relators' third mandamus petition is clearly frivolous given the vast body of case law opposing anonymity in these circumstances and Relators' counsel's own admission that this was a matter over which the trial court had broad discretion. Additionally, Relators' counsel has repeatedly used mandamus petitions as a means to delay proceedings in the trial court. Consequently, Relators' mandamus petition is groundless and filed solely for the purpose of harassment. BYDS anticipates that Relators will continue to abuse the litigation process unless and until they are sanctioned for filing meritless pleadings.

BYDS is aware that sanctions imposed must be proportionate to the wrong and bear a direct relationship to the offensive conduct. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Relators and their counsel are both at fault for engaging in a pattern of filing baseless petitions for writ of mandamus. Further, it is evident that Relators' relentless and vexatious filings have unduly burdened BYDS. As noted above, BYDS has twice been forced to incur substantial legal fees in order to respond to Relators' groundless pleadings. Relators' abusive conduct additionally burdens the judicial system itself. This

Court has already wasted valuable resources determining that Relators' first and second mandamus actions were meritless. As an appropriate sanction, to both punish and deter, BYDS requests that the Court impose monetary sanctions against Relators and their counsel jointly in the amount of $15,000 − $5,000 for each of Relators' three groundless petitions.[4]

## IV.
## PRAYER

Real Party in Interest, Beth Yeshurun Day School, respectfully prays that its Motion for Sanctions be granted and for all such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Barbara L. Hachenburg*
Barbara L. Hachenburg
State Bar No. 08667070
bhachenburg@germer.com
Kelli B. Smith
State Bar No. 24008053
ksmith@germer.com
GERMER PLLC
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Telecopier

---

[4] As an alternative, and at the Court's request, BYDS will submit an attorney's fee affidavit setting forth its fees and expenses incurred in responding to Relators' mandamus petitions.

Michael Patrick Doyle
State Bar No. 06095650
DOYLE LLP
2402 Dunlavy Street, Suite 200
Houston, Texas 77006
(713) 554-9079 – Telephone
(713) 571-1148 – Telecopier
mdoyle@doylelawfirm.com

**ATTORNEYS FOR REAL PARTY
IN INTEREST, BETH YESHURUN
DAY SCHOOL**

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Relators' counsel, Brian Cweren, on the morning of August 18, 2015 regarding the subject of this Motion and the relief sought herein. He was unavailable. His paralegal said I would have a response by 1:30 pm on August 18th and I did not. Based on prior written communications with Mr. Cweren, I am certain that Relators are opposed to this Motion.

*/s/ Barbara L. Hachenburg*
**Barbara L. Hachenburg**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2015, a true and correct copy of the foregoing Motion for Sanctions was forwarded to all known counsel of record in accordance with the Texas Rules of Appellate Procedure.

*/s/ Barbara L. Hachenburg*
**Barbara L. Hachenburg**