**Bill W. DOE, Plaintiff–Appellant,**

**v.**

**Anthony M. FRANK, Postmaster General of the United States of America, Defendant–Appellee.**

No. 91–5063.

United States Court of Appeals, Eleventh Circuit.

Jan. 24, 1992.

---

Isidro M. Garcia, Lake Worth, Fla., for plaintiff-appellant.

Laurie E. Rucoba, Asst. U.S. Atty., Ft. Lauderdale, Fla., James A. Friedman, Office of Labor Law, U.S. Postal Service, Carol E. Herman, Linda Hertz, Washington D.C., for defendant-appellee.

Before COX, Circuit Judge, DYER and FRIEDMAN*, Senior Circuit Judges.

PER CURIAM:

Appellant Bill W. Doe appeals the district court's order denying his motion to proceed under a fictitious name. We affirm.

## FACTS

In 1977, Bill W. Doe (a pseudonym) began work as a distribution clerk with the United States Postal Service ("Postal Service"). He was employed at the West Palm Beach, Florida Post Office until 1984. According to the Postal Service, he was terminated in August of 1984 because of an inability to perform his assigned duties, a repeated failure to maintain regular attendance and improper conduct in reporting to work under the influence of alcohol.

On January 26, 1990, Doe filed the present action in the district court under the pseudonym of Bill W. Doe. He alleged that he was removed from employment because of his alcoholism, a physical handicap, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–794, and the Com-

prehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970, 42 U.S.C. § 290dd. In addition, Doe maintained that his termination was in retaliation for prior discrimination complaints filed with the EEOC, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

The Postal Service filed a motion to dismiss based on Doe's violation of Fed. R.Civ.P. 10(a). Rule 10(a) requires a plaintiff to include the names of all parties in a complaint. In response, Doe filed a motion to proceed under the fictitious name, Bill W. Doe. The district court denied Doe's motion and expressed its intention to grant the Postal Service's motion to dismiss if Doe did not file an amended complaint within twenty days of the order substituting his full legal name for Bill W. Doe. Doe appeals the district court's order denying his motion to proceed under a fictitious name.[1]

## DISCUSSION

This case requires us to decide under what circumstances a plaintiff may proceed under a fictitious name. Generally, parties to a lawsuit must identify themselves in their respective pleadings. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir.1979).[2] Fed.R.Civ.P. 10(a) requires a complaint to "include the names of all the parties."[3] This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D.Cal.1981); *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974).

Doe points out that he is challenging government activity and that the prosecu-

---

* Honorable Daniel M. Friedman, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Doe's motion to certify this issue for interlocutory appeal was granted.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of

the former Fifth Circuit handed down prior to October 1, 1981.

3. *See also* Southern District Local Rule 7(A)(7) (1988) ("All civil and criminal pleadings ... tendered for filing in the United States District Court, Southern District of Florida, shall ... [s]tate in the title the name and designation of the party....").

tion of his suit would compel him to disclose information of the utmost secrecy, i.e., his alcoholism. Relying on *Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A Aug. 1981), Doe argues that these circumstances are enough to overcome the clear mandate of Rule 10(a). The Postal Service agrees that *Stegall* sets out this Circuit's test for anonymity, but argues that the circumstances in this case simply do not overcome Rule 10(a)'s explicit requirement of disclosure.

■ The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186.[4] It is the exceptional case in which a plaintiff may proceed under a fictitious name.

■ In *Stegall*, the Fifth Circuit isolated and catalogued the circumstances common to the "Doe cases" collected in its prior opinion, *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979). Those circumstances were:

(1) plaintiffs challenging governmental activity;

(2) plaintiffs required to disclose information of the utmost intimacy; and

(3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d at 185.

■ The enumerated factors in *Stegall* were not intended as a "rigid, three-step test for the propriety of party anonymity." *Id.* Nor was the presence of one factor meant to be dispositive.[5] Instead, they

were highlighted merely as factors deserving consideration. A judge, therefore, should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *Wynne & Jaffe*, 599 F.2d at 713.

■ The proper standard of review upon appeal is whether the trial court abused its discretion. *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979). After a careful review of all the circumstances of this case, we cannot say the trial court abused its discretion in denying Doe's motion to proceed anonymously.

■ Doe argues that his case for anonymity is supported by the fact that he is suing the government. While this factor may be significant, it must be viewed in the context that it was first articulated. "Challenging the ... validity of government activity" was initially mentioned as a factor in *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979). The case involved, *inter alia*, four female lawyers who wanted to proceed anonymously against two Dallas law firms in a sex discrimination suit. After observing that most of the cases permitting plaintiffs to proceed anonymously involved actions challenging government activity, the court went on to explain the significance of this fact:

While such suits involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their

---

**4.** Doe maintains that the district court improperly applied the *Stegall* test. We find, however, that although the district court referred to the plaintiff's burden as "overwhelm" instead of "outweigh," the court correctly stated the standard in its conclusion, holding that the plaintiff's privacy interest must only "outweigh" the presumption of disclosure.

**5.** The opinion in *Doe v. Stegall* does not suggest otherwise. The court initially found that only one factor, challenging governmental activity, was present in the case. But, the court went

further and analyzed the privacy concerns of the plaintiffs ("religion is perhaps the quintessentially private matter."); public reaction and retaliation ("the Does may expect extensive harassment—and perhaps even violent reprisals" and "their personal beliefs and practices ... have invited an opprobrium analogous to the infamy associated with criminal behavior."); and the special status and vulnerability of the plaintiffs ("[a] final factor we find especially persuasive is the fact that plaintiffs are children.").

good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names. *Wynne & Jaffe*, 599 F.2d at 713.

Thus, because the plaintiffs were suing private individuals rather than a government agency, the court found *more* reason *not* to grant the plaintiffs' request for anonymity. *Wynne & Jaffe* does not stand, however, for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government. Consequently, the fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity.

Doe also contends that he will have to face the disapproval of many in his community if he is required to prosecute this case under his real name. Divulging personal information of the utmost intimacy or having to admit an intent to engage in prohibited conduct are proper factors to consider when a plaintiff requests anonymity, *Wynne & Jaffe*, 599 F.2d at 713, but the fact that Doe may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym. *Free Mrkt. Compensation v. Commodity Exch., Inc.*, 98 F.R.D. 311, 313 (S.D.N.Y.1983); *Rostker*, 89 F.R.D. at 162.

Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, *Doe v. Colautti*, 592 F.2d 704 (3d Cir.1979); homosexuality, *Doe v. Commonwealth's Attorney for Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), *aff'd*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976); and transsexuality, *Doe v. McConn*, 489 F.Supp. 76 (S.D.Tex.1980). In these cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings. We find no abuse of discretion in the district court's implicit conclusion that the stigma involved in Doe's disclosure does not rise to the level necessary to overcome the presumption of openness in judicial proceedings or the explicit requirements of Rule 10(a).[6]

Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough. This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness. Therefore, the district court did not abuse its discretion in denying Doe's motion.

AFFIRMED.

---

**6.** Citing *Roe v. Ingraham*, 364 F.Supp. 536 (S.D.N.Y.1973), Doe maintains that the disclosure of alcoholism is revealing information of the utmost intimacy. *Ingraham* does not support such a proposition. The plaintiff in *Ingraham* was allowed to proceed under a fictitious name not because he would have had to disclose information of the utmost intimacy—his use of controlled substances; but rather, because he was challenging a state statute that regulated disclosure of such information.

The plaintiff in *Ingraham*, therefore, was granted his request for anonymity because the injury litigated against—disclosure of plaintiff's name—would be incurred as a result of the disclosure of the plaintiff's identity in the complaint. In contrast, the plaintiff in the present case alleges that he was fired from his government job because of his handicap. The injury litigated against—employment discrimination—has already occurred.