FILED
United States Court of Appeals
Tenth Circuit

July 24, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

PETER MARIO GOICO,

    Plaintiff - Appellant,

v.

STATE OF KANSAS,

    Defendant - Appellee.

No. 19-3116
(D.C. No. 6:19-CV-01055-JTM-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

In March 2019, Plaintiff Peter Goico filed a complaint against the State of

Kansas, alleging the State's "attempts" to legalize marijuana are unconstitutional. The

district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b) because the action was frivolous, i.e., "lack[ed] an arguable basis either in

law or in fact." ROA, 70 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The

court explained that federal courts do not have the power to preempt prospective

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

legislation. *Id.* at 70–71 (citing *McChord v. Cincinnati, New Orleans, & Tex. Pac. Ry. Co.*, 183 U.S. 483, 496 (1902)). Plaintiff's claim rested upon "pure speculation of future legislation" and, thus, Plaintiff was impermissibly seeking "an advisory opinion as to whether future legislation would be preempted by various constitutional rights." *Id.* (quotations omitted). Thus, the district court dismissed Plaintiff's action.

On appeal, Plaintiff argues his complaint challenged, not only future legislation, but also a law that was indeed passed in 2016 that lowered the penalties for possession of marijuana. While Plaintiff mentioned the governor of Kansas was "trying to lower penalties" in his complaint, Plaintiff was clearly challenging the "attempts" to "legalize marijuana"—not lowering penalties for possession of marijuana. ROA, 7 ("I always believed that marijuana legalization was a problem, but now the unconstitutional attempts to do so are threatening a direct financial injury to me."); *id.* (challenging "state level laws that legalize marijuana"); *id.* ("Kansas Governor, Laura Kelly, has become the latest to announce her intentions to legalize Marijuana . . . ."); *id.* at 8 ("I can prove that my state's unconstitutional attempts to legalize a dangerous substance are directly threatening me."). Any effort to change course and now challenge the 2016 law—something neither argued nor ruled upon below—is waived. *See United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017). To the extent Plaintiff argues he is able to challenge potential future legislation, the district court was correct in its holding. We have nothing further to add to the court's discussion, except to point out to Plaintiff that the place to engage in the political process is with his state legislature, not with this Court.

Plaintiff also argues the district court erred in its holdings on anonymity. Plaintiff sought to seal the record or proceed anonymously multiple times before the district court. These motions were rejected because Plaintiff's mental condition "was not sufficiently embarrassing to warrant the extraordinary remedy of maintaining the action anonymously" and because Plaintiff's "condition was not logically linked to the merits of the action." We have previously stated:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). We agree with the district court that this is not an exceptional case that warrants anonymity. Accordingly, the district court did not err in denying Plaintiff's request for anonymity.

AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge