[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11128
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00122-TCB

JANE DOE,

Plaintiff - Appellant,

versus

STEPHEN ROBERT SHEELY,
in his individual capacity,
CHUCK SMITH,
in his individual capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 3, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jane Doe moved to proceed anonymously in her 42 U.S.C. § 1983 action against Stephen Sheely and Chuck Smith.  She alleges Sheely, an officer at the Meriwether County Sheriff's Office, sexually assaulted her on several occasions while she was incarcerated in the Meriwether County Jail.  She alleges Chuck Smith, the Meriwether County Sheriff, adopted policies that allowed the assault to happen.  The district court denied Doe's motion.  This is Doe's appeal of that order.[1]  After review, we affirm.

We review the denial of a motion to proceed anonymously for abuse of discretion.  Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).  A district court abuses its discretion if its decision rests on a legal error.  Id.  It also abuses its discretion "if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision."  Id.  But "the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  Macklin v. Singletary, 24 F.3d 1307, 1311 (11th Cir. 1994) (quotation marks omitted).

Federal Rule of Civil Procedure 10(a) requires every complaint to name all parties.  "This rule serves more than administrative convenience.  It protects the

---

[1] We have jurisdiction over the district court's order because an "order denying anonymity for a party is a final appealable order under the collateral order doctrine."  Plaintiff B v. Francis, 631 F.3d 1310, 1314 (11th Cir. 2011).

2

public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (per curiam). The rule "creates a strong presumption in favor of parties' proceeding in their own names." Francis, 631 F.3d at 1315. However, despite Rule 10(a)'s "clear mandate," Frank, 951 F.2d at 323, this Court has said "the rule is not absolute," Francis, 631 F.3d at 1315. In "exceptional case[s] . . . a plaintiff may proceed under a fictitious name." Frank, 951 F.2d at 323.

"The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Id. (quotation marks omitted). This Court has enumerated six factors to guide district courts in this inquiry. "First, are the plaintiffs seeking anonymity challenging government activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" Francis, 631 F.3d at 1316. We have also directed courts to consider "factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Id. (citations omitted). And even aside from these factors, we have made clear the

3

court "should carefully review <u>all</u> the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." <u>Frank</u>, 951 F.2d at 323. No single factor should be considered dispositive. <u>Id.</u>

With these factors in mind, but cognizant of all the circumstances, we cannot say the district court abused its discretion. Three of these factors are not present in this case. Doe is not seeking to challenge government activity. She will not be compelled to admit her intent to engage in illegal conduct. And she was not a minor at the time of the alleged assaults, though she was barely past the age of majority. Of course courts should be careful not to draw a bright line between a plaintiff one day shy of her eighteenth birthday and a plaintiff one day past it. The vulnerabilities faced by minor plaintiffs do not always fall away once they reach the age of eighteen. The proper inquiry, as always, is the totality of the circumstances. <u>See</u> <u>Frank</u>, 951 F.2d at 323. However, we are mindful Doe has not presented any argument or evidence that her age raised special concerns in this case. We therefore cannot say the district court abused its discretion in concluding that Doe's age weighed against anonymity.

As for the other factors, the district court found that the sexual assault allegations in this case might result in personal embarrassment to the plaintiff. This Court has said "personal embarrassment" alone is not enough for leave to

proceed anonymously.  Frank, 951 F.2d at 324.  The district court was entitled to find that although disclosure of the sexual assault would result in personal embarrassment, the disclosure did not involve information of the "utmost intimacy" as this Court has defined it.  Francis, 631 F.3d at 1316 ("[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." (quotation marks omitted)); see also id. (collecting cases where this Court has concluded the allegations involve matters of the utmost intimacy).

Doe alleged she would face bodily harm if forced to proceed in her own name, but the district court rejected the allegation because Doe presented no evidence to support it.  Doe did not identify anyone who might harm her.  Nor did she suggest that identifying someone who might harm her would, based on her circumstances, reveal her identity and compromise her safety.  Given this, it was permissible for the district court to draw the conclusion it did.  Cf. Doe v. Stegall, 653 F.2d  180, 186 (5th Cir. Unit A 1981) ("Evidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed.").[2]  On appeal, Doe says she may suffer

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before close of business on September 30, 1981.  Id. at 1209.

5

psychological harm.  But she did not present that argument or any evidence supporting it to the district court, and we cannot say the district court abused its discretion for failing to consider an argument the plaintiff never made.

The district court did not decide the question of fundamental unfairness to the defendant, nor was it required to.  With no matters of "utmost intimacy" or risk of "bodily harm" present in the case, the district court did not abuse its discretion in denying Doe's motion to proceed anonymously.

All that said, we recognize that this case involves a sensitive subject.  We do not understand the district court's order to have been a denial with prejudice.  If the plaintiff has evidence to show that proceeding in her own name will cause her special harm, subject her to bodily injury, or implicate other factors that would make hers an exceptional case deserving of anonymity, then she may file a more fulsome second motion to proceed anonymously.

**AFFIRMED.**