[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10265
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-20016-UU

JANE DOE,

Plaintiff-Appellant,

versus

TREMAINE ALDON NEVERSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2020)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiff, proceeding as "Jane Doe," appeals the district court's denial of her motion to proceed under a pseudonym in her sexual assault and battery action against Tremaine Aldon Neverson. Ms. Doe claims that proceeding under her real name would bring great shame to her and her family due to their religious beliefs, as well as subject her to online bullying and harassment. After careful review of Ms. Doe's brief and the record, we reverse and remand for further proceedings.

## I

Ms. Doe alleges that Mr. Neverson, an internationally acclaimed musical recording artist, sexually assaulted her while the two were partying at a nightclub in Miami on January 1, 2018. Specifically, Ms. Doe alleges that Mr. Neverson invited her to a nightclub after they spent New Year's Eve celebrating together at the house of hip-hop mogul Sean "P. Diddy" Combs on Star Island. Upon arriving at the nightclub, Ms. Doe accompanied Mr. Neverson to a VIP table, where he forcefully placed his hand under her dress and attempted to insert his fingers into her vagina without her consent.

About two years later, Ms. Doe sued Mr. Neverson in federal court for sexual assault, battery, and negligent and intentional infliction of emotional distress. She filed her complaint using the pseudonym of "Jane Doe." Before Mr. Neverson was served with a summons, the district court *sua sponte* ordered Ms. Doe to show cause

2

as to why the complaint should not be dismissed because it was impermissibly filed under a fictitious name.

On January 10, 2020, Ms. Doe responded to the order to show cause and moved for leave to proceed pseudonymously. In the motion, Ms. Doe argued that she should be permitted to proceed under a pseudonym because she will be required to disclose matters of the "utmost intimacy," including Mr. Neverson's sexual assault. She further asserted that she comes from a devout Muslim family from Trinidad, and the nature of the allegations would bring shame to her and her family because of their cultural and religious traditions.

In addition, Ms. Doe argued that if her identity were publicized, she and her family would be subject to online bullying, harassment, and threats. She claimed that because Mr. Neverson is a well-known music artist, this lawsuit "has made national news and has been picked up by multiple blogs and websites including The Shade Room," and that "The Shade Room's Instagram post of the story garnered nearly 80,000 likes and received over 7,000 comments." D.E. 7-1 at 6. She further asserted that using a pseudonym would not prejudice Mr. Neverson because she would provide him with her real name under a protective order so that he could conduct discovery and build a defense.

To substantiate these claims, Ms. Doe attached her own declaration attesting that she grew up in Trinidad and "come[s] from a strict Muslim household where

3

under [their] cultural beliefs and traditions such a sexual assault would have the tendency to bring shame and humiliation upon [her] family." D.E. 7-1, Exhibit A, at ¶¶ 4, 7. She further declared that she "not only fear[s] the reprisals affiliated with [her] religion," but that she "will be subject to online and harassment and bullying" and that Mr. Neverson's "fans will leak [her] telephone number, address, and perhaps even [her] job information." *Id.* at ¶¶ 9–10. Ms. Doe attached The Shade Room's post about the lawsuit—titled "Trey Songz Reportedly Hit With $10 Million Lawsuit In Damages For Alleged Sexual Battery"—which reflects that it has 77,755 "likes." D.E. 7-1, Exhibit B. She also attached examples of comments made by readers of The Shade Room's post, such as:

- "THESE H0's GOTTA STOP WITH THIS BS";

- "Just another female tryna get some money from a celebrity";

- "Man get tf outta here . . . where she at #LeaveTreyAlone #ThirstTraps";

- "I know someone can pull up Diddys 2017 New Year's Eve photos let's find out who this chick is roomies";

- "how much would it have been if he killed the same person . . .";

- "Y'all Gon stop lying on my man, I'm ready to fight!"; and

- "She lying. Idc who it is. She lying."

D.E. 7-1, Exhibit C.

4

The district court denied the motion and dismissed the complaint without prejudice, giving Ms. Doe one week to file an amended complaint under her own name. The district court rejected Ms. Doe's argument that the nature of the allegations would bring harm and shame to her family due to their cultural/religious traditions because "'personal embarrassment' alone is not enough for leave to proceed anonymously." D.E. 13 at 3. The district court also concluded that the contention that Ms. Doe will suffer online bullying, harassment, and threats "lack[ed] evidentiary support," because she did not "identify anyone who might harm her." *Id.* at 4. Finally, although the district court acknowledged that proceeding pseudonymously would "not pose that great of a risk of unfairness to [Mr. Neverson]," it nevertheless concluded that Ms. Doe should be required to proceed under her real name because she might have to testify publicly at trial eventually, so "the protective order . . . would only serve to postpone the inevitable." *Id.* at 6.

Ms. Doe did not file an amended complaint, and appealed.

## II

We review a district court order denying a party's motion to proceed anonymously for abuse of discretion. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A district court abuses its discretion if its ruling is based on an error of law or "if it fails to actually consider the circumstances of the case and

5

to weigh the relevant factors and instead follows a blanket rule in making its final decision." *Id.*

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Francis*, 631 F.3d at 1315. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 10, 1981)).

Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, -- F.3d --, 2020 WL 4013070, at *5 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at *5. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."

6

*Id.* (quoting *Francis*, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

### III

The district court abused its discretion in denying Ms. Doe's motion for two reasons. First, it erroneously concluded that Ms. Doe would be required to disclose her identity at trial, contrary to cases showing that is not necessarily so. Second, it failed to properly consider Ms. Doe's allegations about the stigma she claimed she would face as a result of her family's religious beliefs. *See id.* at 1316–17 (holding that the district court abused its discretion in denying the plaintiffs' motion to remain anonymous by "fail[ing] to take into account the actual allegations made by the Plaintiffs" and by "giving short shrift" to certain evidence).

First, in denying Ms. Doe's motion, the district court reasoned that "by filing the lawsuit, [Ms. Doe] should have appreciated that the case could result in a public trial in which she would have to appear, her identity would be made public and she would have to be questioned. Consequently, the protective order [Ms. Doe] proposes would only serve to postpone the inevitable." D.E. 13 at 6.

7

It is true that the analysis of whether a plaintiff may proceed anonymously may change at different stages of the litigation. *See Lawson v. Rubin*, No. 17-cv-6404, 2019 WL 5291205, at \*2 (E.D.N.Y. Oct. 18, 2019) (vacating order that initially allowed the plaintiffs to proceed under pseudonyms before trial because a different balance of interests comes into play at the trial phase when the jury will have to resolve critical issues of credibility). *See also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."). But it is incorrect to assume that Ms. Doe cannot proceed at trial under a pseudonym. For instance, in *Francis* we held that, subject to First Amendment concerns, women who were videotaped engaging in sexual conduct when they were minors were entitled to proceed anonymously at trial. *See* 631 F.3d at 1319. The district court therefore erred in concluding that proceeding under a pseudonym is only "postpon[ing] the inevitable."[1]

Second, the district court concluded that Ms. Doe failed to show that the allegations involve matters of the utmost intimacy. In doing so, it rejected Ms. Doe's

---

[1] As Ms. Doe notes, the vast majority of civil cases are settled or dismissed before trial. *See* Initial Br. at 15. One option available to the district court is to allow Ms. Doe to proceed under a pseudonym for now, subject to review at future stages in the litigation upon a motion from Mr. Neverson. *See Lawson*, 2019 WL 5291205, at \*1–2.

8

argument regarding the shame the allegations would bring to her and her family due to their religious beliefs, relying on cases that hold that "personal embarrassment" is not enough to warrant proceeding anonymously in sexual assault cases. The district court is correct that "personal embarrassment" alone does not justify proceeding under a pseudonym. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said that 'personal embarrassment' alone is not enough for leave to proceed anonymously."). *See also Francis*, 631 F.3d at 1316 (noting that "courts have often denied the protection of anonymity where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment") (citations and internal quotation marks omitted).

But the district court failed to consider that, in other cases, we have held that "social stigma" is sufficient to warrant proceeding anonymously. As we have explained, "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality" because "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Frank*, 951 F.2d at 324 (citations omitted). *See also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (reversing the denial of the plaintiff's motion to proceed anonymously in a case involving abortion in part because of the social stigma associated with the decision to obtain an abortion); *Stegall*, 653 F.2d at 186

9

(requiring the district court to allow a mother and her children to proceed under a fictious name in their suit challenging the constitutionality of prayer in school in part because of the "infamy" associated with their beliefs).

Here Ms. Doe does not just allege that the sexual assault allegations in this case might result in "personal embarrassment." Instead, she asserts that because she is from a "devout Muslim family," the "very nature of her allegations would be sufficient to bring harm to [herself] and shame to her family under the cultural/religious traditions that her family practices." D.E. 7-1 at 4. She supported this claim with her declaration, in which she attests that she seeks to proceed under a pseudonym in part because she "come[s] from a strict Muslim household where under [their] cultural beliefs and traditions such a sexual assault would have the tendency to bring shame and humiliation upon [her] family." D.E. 7-1, Exhibit A, at ¶ 7. The district court erred by treating Ms. Doe's motion as merely alleging personal embarrassment, without accounting for what she actually alleged or considering our social stigma cases.

We also note that, under our precedent, the district court may have too easily discounted evidence that Ms. Doe would be subject to threats and harassment if she were required to proceed under her real name. In *Stegall*, we held that the district court had to allow the plaintiffs to proceed under a pseudonym in their suit challenging prayer in school, explaining that there was evidence that the plaintiffs

10

"may expect extensive harassment and perhaps even violent reprisals if their identities [were] disclosed[.]" 653 F.2d at 186. That evidence consisted of local newspaper reports of public reaction to the lawsuit voiced at a school board meeting, which included threats such as "Christians must beat the evil out of these people." *Id.* at 182, n.6. As noted earlier, here Ms. Doe submitted an example of a website post about this lawsuit and eight threatening or harassing comments made by Mr. Neverson's fans. In today's digital age, Ms. Doe's evidence seems similar to the news report we relied on in *Stegall.*

We recently affirmed a district court's mid-litigation denial of leave to proceed pseudonymously in *Chiquita Brands International*. There hundreds of plaintiffs had litigated the same case under their true names for over a decade, yet nothing in the record suggested they had faced any harm. *See* 2020 WL 4013070, at \*6. Moreover, the plaintiffs in that case had initially proceeded under pseudonyms, and the defendant moved to preclude the use of pseudonyms only later in the litigation. *See id.* at \*2. Here, the district court denied Ms. Doe leave to proceed anonymously before Mr. Neverson even appeared in the case, despite acknowledging that it "will not pose that great of a risk of unfairness" to him.

## IV

For the foregoing reasons, we reverse the district court's dismissal of Ms. Doe's suit and remand for further proceedings.

11

**REVERSED AND REMANDED.**