[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13063

Non-Argument Calendar

_____

JOHN DOE,

Plaintiff-Appellant,

*versus*

FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00245-SPC-KCD

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

John Doe, a male former student at Florida Gulf Coast University, appeals the district court's denial of his motion to pursue this action anonymously up to the point of trial. Because we cannot say the district court abused its discretion, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

We, like the district court, largely draw the relevant facts from the complaint. This action arises out of a Title IX proceeding initiated by Jane Roe. Doe and Roe, who both attended the University, dated from about January to June 2019. After their relationship ended, the two continued to occasionally speak to each other, and, on at least one occasion before the incident relevant here, had sex.

In the Title IX proceeding, Roe alleged that Doe sexually harassed her on October 6, 2019 by having sex with her when she was too intoxicated to consent. After an investigation and hearing held by school officials, Doe was found responsible for sexual harassment. Doe was immediately suspended and placed on disciplinary probation for a period following his suspension. He appealed the decision internally, and it was upheld. Doe then unsuccessfully sought a writ of certiorari from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

Following the administrative process, Doe filed this lawsuit, asserting that the University violated his due process rights, Title IX, and its contract with Doe. In short, Doe claimed that the school deprived him of several procedural rights during the Title IX proceeding and that the school officials involved "acted with gender bias in coming to their decision against" him. To support his claims, Doe attached to his complaint several text messages he exchanged with Roe. Relevant here, some of these messages reflect that both Doe and Roe drank on multiple occasions (they were under 21), at least occasionally used marijuana, and that Roe had "lots of anxiety" and took medication for it. Some messages also relate to an incident in which Roe told Doe she believed she had contracted a sexually transmitted infection and that Doe should get tested for one as well. Doe maintains he never had an infection.

Doe moved to proceed anonymously, asserting that three factors weighed in his favor. First, because the University was a public one, he was "challenging government activity." Second, he'd have to disclose information of the "utmost intimacy" because his complaint and the evidence attached discussed his and Roe's sexual encounters, Roe's potential infection, Roe's mental health and medication, Doe and Roe's alcohol and drug use, and the sexual harassment determination against Doe. Revealing the sexual harassment determination against him, in particular, he argued, would cause him embarrassment and harm from potential employers seeing this information. And third, Doe would have to "admit to illegal conduct" by presenting text messages that showed he drank and did drugs.

The district court denied the motion.  First, the court found that the government-activity factor did not weigh in favor of granting anonymity because the University was not "the 'government' in the traditional sense."  Second, Doe and Roe's sexual history, information about Roe's potential infection, and Doe's sexual harassment determination were not information of the "utmost intimacy."  Third, Roe—not Doe—potentially had an infection, and the confidentiality of any sensitive medical history could be maintained through a protective order.  Finally, while Doe feared criminal prosecution, there was no indication one was forthcoming and the statute of limitations had already run on Doe's alcohol and drug use.

Doe appealed the district court's denial.  We have appellate jurisdiction under the collateral order doctrine.  *Plaintiff B v. Francis*, 631 F.3d 1310, 1314 (11th Cir. 2011).

## STANDARD OF REVIEW

We review for an abuse of discretion a district court's denial of a motion to proceed anonymously.  *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020).  "This is an 'extremely limited and highly deferential' standard of review," *id.* (quoting *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007)), that gives the district court "a zone of choice within which" it can "go either way," *id.* (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).  "We must affirm the district court's choice 'unless we find that the district court has made a clear error of judgment,

or has applied the wrong legal standard.'" *Id.* (quoting *Frazier*, 387 F.3d at 1259).

## DISCUSSION

A complaint "must name all the parties" to a lawsuit. Fed. R. Civ. P. 10(a). This rule "creates a strong presumption in favor of parties[] proceeding in their own names." *Plaintiff B*, 631 F.3d at 1315. But the rule isn't "absolute," and a party can proceed anonymously if he "establish[es] 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Chiquita Brands*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315–16).

We have laid out several considerations relevant to determining whether a district court should allow a litigant to proceed anonymously. "[T]he 'first step'" of the analysis is to consider "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). "The 'information of utmost intimacy' standard" generally relates to topics like "abortion" as well as "prayer and personal religious beliefs." *Plaintiff B*, 631 F.3d at 1316. "On the other hand, courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal

embarrassment.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Beyond the first step, courts must "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323. We have considered, for example, whether "the party seeking anonymity is a minor," whether the person "faces a real threat of physical harm absent anonymity," *Chiquita Brands*, 965 F.3d at 1247, and whether the movant would face "social stigma" if forced to proceed under the movant's true name, *see Frank*, 951 F.2d at 324. Ultimately, the inquiry "is a totality-of-the-circumstances" one. *Chiquita Brands*, 965 F.3d at 1247 n.5.

We begin with the district court's analysis of the first and third step-one factors. As to the first factor—whether Doe challenges government activity—the district court did not abuse its discretion in concluding that, even though Doe's lawsuit was against a public entity (the University), this did not necessarily weigh in favor of anonymity. *See Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."). While Doe contends the district court wrongly read his motion as arguing the first step-one factor alone was dispositive, we find no indication of that in the district court's order.

We also see no error in how the district court addressed Doe's concerns over an alleged fear of prosecution, the third

step-one factor. The district court found that any statute of limitations related to Doe's drug and alcohol use had already run by the time of its order, and Doe doesn't challenge that determination. If Doe cannot be prosecuted, it follows that he will not, as the third factor requires, "risk criminal prosecution" by revealing his identity. *Plaintiff B*, 631 F.3d at 1316. And as it relates to his sexual harassment determination, Doe's lawsuit will not force him to admit an intent to engage in illegal conduct. To the contrary, Doe alleges that the University reached the wrong result because it violated his constitutional rights and refused to follow its established procedures for handling sexual harassment allegations.

Moving to the second factor and the other relevant circumstance—like potential social stigma—we cannot say that the district court abused its discretion. As to Doe and Roe's sexual history, and any accompanying information related to Roe's potential infection, we have recognized that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Plaintiff B*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 324). And here, Doe contends that his complaint and supporting materials reveal—at most, in his view—consensual encounters, so the district court did not make a clear error in judgment when finding this information did not warrant granting the motion. *See id.*

We also can't say that the district court abused its discretion in determining that the information about Roe did not compel

granting anonymity.  The information related to her is similar to the information Doe relies on as to himself, which we've already determined did not require granting the motion.  And we've never held that medical information alone establishes grounds for anonymity.  *See id.*; *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.").

Next, to the extent Doe argues that information about his alcohol and drug use is of the utmost intimacy, that position finds no support in our precedent, and this information isn't anything like what we have previously held falls into this category.  *See Plaintiff B*, 631 F.3d at 1316; *Frank*, 951 F.2d at 324 n.6 (rejecting argument that alcoholism is information of the utmost intimacy).

Doe also hasn't demonstrated the district court abused its discretion when it found that any alleged social stigma Doe will face didn't outweigh the presumption that his proceeding should be a public one.  Put simply, he does not cite any evidence of these harms, and instead only asserts in briefing that they are "near[ly] certain[]" to occur.  *Compare Doe v. Stegall*, 653 F.2d 180, 182 n.6 (5th Cir. Unit A Aug. 1981) (noting that the plaintiffs "offered several documentary exhibits to bolster their assertions that they might be subjected to retaliatory harassment or violence if their identities were publicly revealed"); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 711, 713 (5th Cir. 1979)

(affirming denial of motion to proceed anonymously even where three plaintiffs submitted affidavits in support of the alleged harms).

Finally, Doe tries to rely on his "age and status" as a college student to support his argument that his motion should have been granted. Our precedent has considered "whether the plaintiffs were minors." *Plaintiff B*, 631 F.3d at 1316. But Doe is not a minor, and he wasn't a minor at any time relevant to this lawsuit. So this, like Doe's other arguments, does not demonstrate the district court abused its discretion. We are satisfied that the district court adequately considered the totality of the circumstances and made a determination well within the zone of choices available to it.

Doe ends by cautioning that affirming the district court would "likely result in no Title IX litigant being able to proceed anonymously," citing a case from the First Circuit he believes supports reversal here. But we agree with the First Circuit "that the confidentiality of a Title IX disciplinary proceeding may *sometimes—but not always*—furnish grounds for finding an exceptional case warranting pseudonymity." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 74 (1st Cir. 2022) (emphasis added). As shown here, the district courts in our circuit are more than capable of balancing plaintiffs' privacy interests against the constitutional right to access judicial proceedings and exercising their broad discretion to grant anonymity in appropriate cases.

10                    Opinion of the Court                    23-13063

## CONCLUSION

The district court thoroughly reviewed the circumstances presented to it and made no clear error in judgment when denying Doe's motion.  The order denying the motion to proceed anonymously is therefore **AFFIRMED**.