[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11764

Non-Argument Calendar

_____

TESSA G.,

Plaintiff-Appellant,

*versus*

SECRETARY, UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02665-LMM-RGV

2                      Opinion of the Court                      24-11764

————————————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Tessa G., a *pro se* party proceeding under a pseudonym, appeals the district court's denial of her motion to proceed anonymously in her employment discrimination suit against the Secretary of the Department of Health and Human Services ("HHS"). After careful review, we affirm.[1]

## I. BACKGROUND

In June 2023, Tessa G. filed a *pro se* complaint against HHS, her former employer, alleging disability discrimination, failure to accommodate, retaliation, illegal disclosure under the Americans with Disabilities Act, and deprivation of due process under the Fifth Amendment. In support of her complaint, Tessa G. explained that she has suffered from several disabilities, including epilepsy, for most of her life. Following surgical intervention that abated her seizures, she earned her law degree and began working with HHS in June 2013. About a year into her tenure with HHS, Tessa G. disclosed her epilepsy diagnosis to request medical leave and inform her supervisor that she required an accommodation to be driven to any off-site meetings. Soon thereafter, HHS hired someone to replace Tessa G., gave her limited work to complete, and ultimately

———————————————

[1] Tessa G. also moves to seal her initial brief because it did not fully redact her true name. Her motion is GRANTED. *See* 11th Cir. R. 25-5.

terminated her in November 2014. Tessa G. asserted that she found it difficult to find new employment and that she gained several new health conditions after her firing.

Tessa G. further explained that, shortly after her termination, she filed an Equal Employment Opportunity Commission ("EEOC") complaint against HHS, challenging her demotion and termination, and alleging that HHS disparaged her to others in her field. Although an administrative law judge ultimately entered default judgment in her favor, her recovery was limited due to the nature of her fixed-term contract with HHS, so she brought the instant case to pursue further relief.

Along with her complaint, Tessa G. filed a motion to proceed anonymously, asking to use the same pseudonym as her EEOC proceeding and requesting that any filings be redacted to conceal any personal identifying information. She explained that her complaint concerned her confidential medical information, the disclosure of which had already negatively impacted her, so permitting anonymity would prevent further harm to her personal and professional life. Tessa G. further noted that allowing the use of the alias would aid in connecting the instant case with the EEOC proceeding but protect her privacy by preventing anyone from connecting her actual identity to the litigation.

A magistrate judge denied Tessa G.'s motion. The magistrate judge explained that anonymity was not appropriate simply because the case involved private medical information, and then

weighed the non-exhaustive factors our Court has identified for evaluating motions to proceed anonymously.

The magistrate judge first found that Tessa G. challenged a government action, which weighed in favor of anonymity, but noted that this factor was not determinative. Next, the magistrate judge reasoned that Tessa G.'s arguments regarding the stigma associated with epilepsy and her right to confidentiality in her health information reflected the "utmost intimacy" factor. However, the magistrate judge found that the potential embarrassment or "diminished job prospects" Tessa G. referenced in her motion were not sufficient to outweigh the presumption of openness in judicial proceedings. The magistrate judge recognized the seriousness of Tessa G.'s privacy concerns, but explained that when faced with similar requests, courts have opted to seal or redact filings or subject them to a protective order rather than allow anonymity.

The magistrate judge further stated that none of the remaining factors were applicable because Tessa G. did not assert that she was a minor, contend that she would be compelled to admit her involvement in illegal activity, or identify any risk of physical harm. The magistrate judge also found that it was not clear from the record whether proceeding anonymously would pose a "unique threat of fundamental unfairness to [HHS]," as it had not responded to Tessa G.'s motion, and it was unclear whether HHS knew Tessa G.'s true identity.

Tessa G. objected and argued that the magistrate judge failed to consider the totality of the circumstances when denying

her motion, thereby disregarding the "numerous circumstances" demonstrating that her privacy interests outweighed the presumption of openness in litigation. Specifically, she contended that the stigma faced by those diagnosed with epilepsy was more than mere embarrassment, as epilepsy was "among the most highly-stigmatized diseases and disabilities," citing scholarly research and 20th-century laws limiting the rights of epileptics. She further argued that her diagnosis was information of the utmost intimacy, as the social stigma associated with epilepsy was similar to the stigma attached to human immunodeficiency virus ("HIV") and developmental and intellectual disabilities, diagnoses that our Court has recognized as bases for granting anonymity. Tessa G. additionally contended that HHS would not be prejudiced by her anonymity because it knew her identity and she had already engaged in extensive EEOC litigation using this pseudonym.

The district judge issued an order overruling Tessa G.'s objections. It rejected Tessa G.'s argument that the magistrate judge failed to employ the proper totality-of-the-circumstances standard, because "other than general empirical evidence about stigma associated with epilepsy, [she] d[id] not point to any factual circumstances that" were omitted from the analysis. The court also concluded that the magistrate judge did not erroneously determine that the utmost-intimacy factor weighed against Tessa G. It explained that Tessa G.'s citations to cases referencing the stigma associated with sexually transmitted diseases and mental health conditions did not demonstrate that the magistrate judge's decision was erroneous, because they did not directly address whether the

stigma associated with epilepsy was sufficient to warrant anonymity.

The district court also noted that Tessa G. submitted empirical research describing the stigma associated with epilepsy but explained that plaintiffs in disability discrimination suits are generally required to disclose sensitive medical and mental health information. It explained that a plaintiff's sexuality, gender identity, or severe mental health condition might be sensitive enough to justify anonymity, but Tessa G. pointed to no caselaw indicating that epilepsy was such a condition. The court thus concluded that the magistrate judge did not minimize the social stigma associated with Tessa G.'s epilepsy.

Further, the court concluded that the magistrate judge appropriately found "that the other five factors mostly weighed against" Tessa G., as (1) it was not dispositive that she challenged government action, (2) she was not a minor, (3) she had not argued that disclosure of her identity would risk physical harm, (4) she conceded that the illegal-activity factor did not apply to her case, and (5) it was unclear whether a unique threat of fundamental unfairness to the defendant existed. As to the fifth element, the court reasoned that, even assuming HHS knew Tessa G.'s identity, this fact was not an "affirmative reason for [Tessa G.'s] interests to override the presumption of openness."

The district judge thus agreed with the magistrate judge's conclusion that, based on the totality of the circumstances, Tessa G. "ha[d] not overcome Federal Rule of Civil Procedure 10's

presumption of openness" in judicial proceedings. This appeal followed.

## II. STANDARD OF REVIEW

"A district court's order denying anonymity for a party is a final appealable order under the collateral order doctrine." *Plaintiff B v. Francis*, 631 F.3d 1310, 1314 (11th Cir. 2011). In reviewing such an order, we apply the abuse of discretion standard. *Id.* at 1315. "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016) (quotation marks omitted).

## III. DISCUSSION

As a general rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *see also* Fed. R. Civ. P. 10(a) (providing that "[t]he title of [a] complaint must name all the parties"). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322. This rule also "creates a strong presumption in favor of parties' proceeding in their own names." *Francis*, 631 F.3d at 1315. Nevertheless, "[a] party may proceed anonymously . . . by showing that [s]he has a substantial privacy right which outweighs the customary and

constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315–16 (quotation marks omitted).

In determining whether these exceptional circumstances exist, the district court should consider whether a plaintiff (1) challenges government activity; (2) must disclose information of the utmost intimacy; and (3) must admit an intent to engage in illegal conduct, risking criminal prosecution. *Id.* at 1316; *see also S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). These three factors are not "a rigid, three-step test," and the presence of one factor is not dispositive. *Frank*, 951 F.2d at 323 (quotation marks omitted). The inquiry also does not stop there, as we have further directed courts to consider whether (1) a plaintiff wishing to proceed anonymously is a minor, (2) a plaintiff would be threatened with violence or physical harm by proceeding in the plaintiff's own name, and (3) anonymity poses a unique threat of fundamental unfairness to the defendant. *Francis*, 631 F.3d at 1316. The court should "review *all* the circumstances of a given case" before deciding whether the presumption of disclosure is overcome by the plaintiff's privacy concerns. *Frank*, 951 F.2d at 323 (emphasis in original).

On appeal, Tessa G. asserts that the district court erred in denying her motion to proceed anonymously because the court (1) failed to consider her evidence of social stigma, (2) erred in finding that her epilepsy diagnosis was not information of the utmost intimacy, and (3) failed to evaluate the totality of the circumstances, which demonstrated that her privacy rights outweighed

the public's interest in the openness of judicial proceedings. We disagree.

Similar to her contentions before the district court, Tessa G.'s arguments on appeal regarding epilepsy's social stigma and intimate nature are largely based on the assertion that her diagnosis is sufficiently similar to conditions for which courts have previously granted anonymity. In *Francis*, we noted that the "utmost intimacy" standard had previously been applied to cases involving abortion, prayer, and personal religious beliefs. 631 F.3d at 1316. However, we noted that district courts have denied requests to proceed anonymously in cases involving sexual assault, "even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." *Id.* (quotation marks omitted). In *Frank*, we held that the stigma attached to the disclosure of a plaintiff's alcoholism was insufficient to overcome the presumption of openness in judicial proceedings. 951 F.2d at 324. We noted that parties have been permitted to proceed anonymously in cases involving mental illness, homosexuality, and transgender status due to the social stigma associated with those disclosures. *Id.*

We have never held that epilepsy carries such a stigma, and we are not now persuaded that having epilepsy status is sufficiently sensitive to warrant anonymity. *See id.*; *Francis*, 631 F.3d at 1316. In fact, Tessa G. concedes in her brief that she is unaware of any cases "expressly address[ing] whether one's epilepsy status is information of the 'utmost intimacy' – or directly assess[ing] whether the stigma surrounding epilepsy specifically justifies anonymity,"

so she attempted to relate epilepsy to HIV and mental illness. However, HIV, to which Tessa G. repeatedly draws comparison, differs significantly from epilepsy, as it is a communicable disease, is significantly more likely to be fatal, and can be associated with stigmatized statuses for which courts have permitted parties to proceed anonymously. *See Frank*, 951 F.2d at 324.

Tessa G. also contends that her diagnosis is of the utmost intimacy because it constitutes medical information, disclosure of her epilepsy resulted in discrimination, and further public dissemination of this information would result in more discrimination. However, disability discrimination suits regularly involve personal medical information and an allegation that the disclosure of that information subjected the plaintiff to discrimination. Indeed, as both the magistrate judge and district judge noted when denying Tessa G.'s motion, courts are aware of the sensitive information that a plaintiff must disclose to pursue these cases, so they regularly allow for redaction or sealed filings so that a litigant's privacy may be protected.

We further find that the district court properly evaluated the totality of the circumstances in reaching the conclusion that anonymity was not warranted in Tessa G.'s case. The court not only explicitly weighed the six factors we have identified as relevant to such an analysis, but as outlined above, it also considered the alleged social stigma associated with epilepsy and Tessa G.'s right to privacy in her medical information. *See Frank*, 951 F.2d at 323; *Francis*, 631 F.3d at 1316. Although Tessa G. argues that her right to

privacy in her medical information, the harm posed by online disclosure of her epilepsy status, and the relation of the instant case to her EEOC proceeding should have been further evaluated, the court's failure to do so does not constitute an abuse of discretion, as existing caselaw does not suggest that these are necessary or mandatory considerations. *See Hartford*, 828 F.3d at 1333; *see also Francis*, 631 F.3d at 1315.

Accordingly, we find that the district court did not abuse its discretion, as it did not apply the law in an unreasonable or incorrect manner when concluding that Tessa G.'s interests in anonymity did not outweigh the requirements of Rule 10(a) and the presumption of openness in judicial proceedings.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's denial of Tessa G.'s motion to proceed anonymously.